**STEPHEN REGAN, Appellant**

**v.**

**ESTATE QUESTA VERDE, Appellee**

D.C. Civ. App. No. 2002/30

District Court of the Virgin Islands

Division of St. Croix

November 22, 2006

MARTIAL A. WEBSTER, SR., ESQ., St. Croix, U.S.V.I., *For Appellant.*

RHONDA HOSPEDALES, ESQ., Nichols Newman Logan & D'Eramo, P.C., St. Croix, U.S.V.I., *For Appellee.*

GOMEZ, *Chief Judge, District Court of the Virgin Islands*; FINCH, *Judge of the District Court of the Virgin Islands*; and SWAN, *Judge of the Superior Court of the Virgin Islands, Sitting by Designation.*

## MEMORANDUM OPINION

(November 22, 2006)

The appellant submits a lengthy statement of the issues presented for review. However, taken as a whole, the issues outlined essentially challenge the following: 1) whether there was a genuine fact dispute regarding whether the purchase of a generator by the Board of Directors

of a condominium was ultra vires, where done without prior authorization from a majority of unit owners as required under the applicable bylaws, and; 2) whether the owners' payment of those assessments could constitute ratification of the purchase where such payments were made under threat of liens and foreclosure. In his sparse brief, however, the appellant attempts to present argument only as to whether the evidence of record raised a genuine issue of material fact on the issue of ratification, precluding summary judgment. It appears the appellant has abandoned any argument challenging the Board's scope of authority. Accordingly, we will limit our consideration to the ratification issue.[1]

Moreover, we should note that, even as to the ratification issue, the appellant offers only a brief, one-page argument and provides no authority in support of his arguments, as required by V.I.R. APP. P. 22. We will limit our consideration, therefore, to the limited argument presented: Whether the appellant's affidavit to the court, as shown in the Appendix at 123-24, established a triable issue regarding whether the unit owners had ratified the generator purchase.

For the reasons stated below, we will affirm the trial court's summary judgment order.

## I. STATEMENT OF FACTS & PROCEDURAL POSTURE

Sometime in 1996, following Hurricane Marilyn, the Board of Directors of Questa Verde Condominiums ("Questa Verde" or "appellee") purchased a generator to replace its existing generator. The cost of the generator, although estimated at various times at $4,000 to $20,000, ended up costing approximately $109,000. The Board of Directors voted to replace the generator, when presented with the lower estimated cost; however, the matter was apparently never put to the unit owners for approval prior to the purchase. Questa Verde then levied a special assessment against each owner to cover the generator cost. That special assessment in this case was $1,356. Claiming Questa Verde exceeded the scope of its authority in purchasing the generator without first obtaining owners' approval, Appellant Stephen Regan ("Regan" or

---

[1]    To properly obtain review, an appellant must present issues for review in his opening brief, along with arguments and legal authorities in support thereof. *See* V.I.R. APP. P. 22. Issues mentioned without argument or those argued in a cursory fashion are deemed waived. *See United States v. Voigt*, 89 F.3d 1050, 1064 (3d Cir. 1996); *Nagle v. Alspach*, 8 F.3d 141, 143 (3d Cir. 1993).

"Appellant") filed suit in the Superior Court, initially in the Small Claims Division. That suit was later transferred to the Civil Division.

Under Questa Verde's bylaws, "Any addition, alteration or improvement to the common areas costing in excess of ten thousand ($10,000) dollars must first have been approved by a majority vote of the unit owners." [See Declaration of Condominium Estate Questa Verde, Article XV, Br. of Appellant, Appendix ("App.") at 70-71]. Regan argued below that the generator purchase came within that clause, because its greatly differing size, capacity, location and cost constituted an improvement rather than a replacement. A replacement would have required no approval by unit owners.

Regan moved for partial summary judgment, and Questa Verde filed an opposition to that motion and a cross-motion for summary judgment. In its cross-motion for summary judgment, Questa Verde contended it had authorization to purchase the generator and, alternatively, the owners had ratified the purchase through payment of the assessment. In support of its motion, Questa Verde submitted the affidavit of Questa Verde's manager, William Dunn, asserting that 76 of 83 owners had paid the levy, and three had paid under protest. Three others were deemed delinquent on the generator assessment as well as the general assessments.

Regan responded to that motion with an affidavit asserting that a substantial amount of those who had paid the assessment had done so only under threat of liens and foreclosure. Appended to that opposition were also four letters between Questa Verde and various owners surrounding liens resulting from delinquencies in paying assessments.

The trial court, by order entered January 31, 2002, did not reach the issue of authorization, having determined that ratification was established. [App. at 4-7]. Regan brought this timely appeal.

## II. DISCUSSION

### A. Jurisdiction & Standard of Review

We exercise appellate jurisdiction to review this appeal from a civil judgment, pursuant to The Omnibus Justice Act of 2005, Act No. 6730, § 54.(amending Act No. 6687 (2004), which repealed 4 V.I.C. §§ 33-40,

and reinstating appellate jurisdiction in this Court) and the Revised Organic Act of 1954 § 23A, 48 U.S.C. § 1613a.[2]

We conduct a plenary review of orders granting summary judgment. See *Crissman v. Dover Downs Entm't Inc.*, 289 F.3d 231, 233 (3d Cir. 2002). To the extent the court's determinations are based on findings of fact, we may reverse only if clearly erroneous; however, the court's determinations of law are also reviewed *de novo. See Virgin Islands. v. Albert*, 89 F. Supp. 2d 658, 663, 42 V.I. 184 (D.V.I. App. Div. 2001); *Max's Safood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 673 (3d Cir. 1999).

## B. Whether There Was A Genuine Issue of Material Fact On The Issue of Ratification.

Summary judgment is warranted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). A genuine dispute exists if there are material facts upon which a reasonable jury could rule in favor of the non-movant or which could be resolved in favor of either party. *Anderson*, 477 U.S. at 247-48. To be material, such a fact must be determinative of the case, or likely to affect its outcome. *Anderson*, 477 U.S. at 248.

In determining the existence of a genuine issue of fact, the court must consider all evidence in the light most favorable to the non-moving party and give the non-movant the benefit of all reasonable inferences. *White v. Westinghouse*, 862 F.2d 56, 59 (3d Cir. 1988); *Meritcare, Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 223 (3d Cir. 1999) (noting that the facts and all inferences that may be drawn therefrom must be viewed in the light most favorable to the non-movant).

---

[2] The complete Revised Organic Act of 1954 is found at 48 U.S.C. § § 1541-1645 (1995 & Supp. 2003), *reprinted in* V.I. CODE ANN. 73-177, Historical Documents, Organic Acts, and U.S. Constitution (1995 & Supp. 2003) (preceding V.I. CODE ANN. tit. 1).

615

Appellant asserts that the following statement in his affidavit clearly established a triable issue of fact as to whether the purchase of the generator was ratified by unit owners:

> Defendant claims 76 of 83 unit owners have paid the generator assessment and, therefore, the illegal assessment was ratified as a result of such payment. Defendant, however, fails to state that a substantial number of the 76 unit owners who have paid the generator assessment did so under duress as a result of letters sent by Questa Verde to unit owners threatening to file liens against the owners' units for failure to pay the illegal assessment. In some instances Questa Verde did in fact place liens on some of the owners units to extort payment for the generator assessment.

[Br. Of Appellant, Appendix at 123-24 (internal citations to the record omitted)]. Exhibits 1-3, to which Appellant referred in his affidavit and which were also submitted on the record, were letters between Questa Verde and various owners regarding delinquent payment of assessments and demand for payment under threat of liens. [*Id.* at 15-18]. The trial court rejected the appellant's argument that these submissions established a genuine issue of fact on the issue, because evidence of the four instances of delinquencies and threats of liens came over one year after the levy. The trial court additionally determined that those four instances alone were insufficient to challenge the levy or to find there was no ratification where a majority of the owners had already submitted payment. While acknowledging that effective ratification could not be found if the owners paid under duress, the trial court held that exception was inapplicable where Regan failed to establish there was coercion or duress affecting a majority of unit owners. [Court's Order Granting Summary Judgment, App. at 6] (citing RESTATEMENT (SECOND) OF AGENCY § 101). In that regard, the court held:

> In support of his assertion that unit owners were coerced into paying the assessment, Regan submitted just four letters sent by Questa Verde to unit owners requesting payment under threat of liens or foreclosure. Significantly, these letters were sent to unit owners in January 1998, almost one year after the assessment was made and after most unit owners had already paid their share of the expenses. Counsel for the plaintiff additionally argued that similar

letters were sent to most of the other unit owners. However, no evidence was submitted on the record to support this assertion. Because the by laws governing the Board's actions require a simple majority vote for certain actions, a single owner cannot defeat the mandates of a majority of owners under these circumstances. Therefore, even if the court were to find that the four letters submitted on the record established Regan's claim of duress in those instances, this is an insufficient basis for invalidating the authority given to the Board by the majority of owners.

[*Id.*]. This Court agrees that the appellant's affidavit, standing alone, did not establish a disputed fact from which a reasonable jury could have decided the issue of ratification in his favor.

Under the condominium bylaws, the Board requires approval by a simple majority of unit owners prior to undertaking "any addition, alteration or improvement" to be assessed as common expenses, where those costs exceed $10,000. [See Declaration of Condominium Estate Questa Verde Art. XV. App. at 70-71]. Such authority, where not initially given, may also be found through ratification, where unit owners manifest their consent or acceptance of the purchase, such as through payment of the assessments or through silence. *See* R RESTATEMENT (THIRD) OF AGENCY § 4.01 and comments b, f (2006) ("If the principal ratifies the agent's act, it is thereafter not necessary to establish that the agent acted with apparent authority;" noting that the failure to act or repudiate the actions may also amount to ratification).[3]

To preclude a finding that the generator purchase was not ratified by a majority of owners, the appellant would have had to establish that the subsequent payment or affirmance by a majority of owners of the assessments was obtained only through coercion, as where the owners acted solely to protect their interests. *See* RESTATEMENT §§ 4.02(2)(b); 4.01 comment e (whatever formalities are required for authorization of the act are required for ratification); *see also Delano v. Kitch*, 663 F.2d 990, 999 (10th Cir. 1981) (Ratification does not occur where a principal must affirm a transaction to protect his own interests.), *cert. denied*, 456 U.S. 946, 102 S. Ct. 2012, 72 L. Ed. 2d 468 (1982).

---

[3] The Virgin Islands Code adopts the Restatements of Law in the absence of local law to the contrary. *See* 1 V.I.C. § 4.

Here, in moving for summary judgment, Questa Verde established, through the affidavit of its manager, that 76 of 83 unit owners had paid the generator assessment in full, and only seven had not. [App. at 107-08, 117-18]. Of the seven who had not paid, three were also in arrears for general assessments, and only three of the seven paid the generator assessment under protest, by paying into escrow. [App. at 108]. While arguing the generator purchase was not an ultra vires act, Questa Verde argued alternatively that it was not the type of action requiring authorization and, nonetheless, had been ratified by a majority of unit owners through their payment. [App. at 110-11]. Through that pleading, Questa Verde met its initial burden to put forth evidence pointing to the absence of any genuine fact dispute regarding whether the owners had ratified the purchase. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (noting movant bears burden to show summary judgment is warranted). Therefore, the burden of persuasion shifted to Regan to come forward with evidence to establish the existence of a genuine fact dispute to avoid summary judgment. *See id.*; FED. R. CIV. P. 56 advisory committee notes (1963 amend.); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986); *Robertson v. Allied Signal, Inc.*, 914 F.2d 360, 366 (3d Cir. 1990).

To satisfy this burden on a properly pled summary judgment motion, it is hornbook law that the non-movant may not rest on its pleadings or offer mere allegations or denials, but must come forward with other evidence, by affidavit or otherwise. *See Celotex*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265; *see also, First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 289, 88 S. Ct. 1575, 20 L. Ed. 2d 569 (1968). Additionally, where the non-movant relies on an affidavit in opposing summary judgment, the affidavit "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." FED. R. CIV. P. 56(e). Failure to aver specific facts which are admissible at trial and reliance on only conclusory statements, hearsay statements, or unfounded declarations, will not suffice to defeat a summary judgment motion. *See id.*; *Hurd v. Williams*, 755 F.2d 306, 308 (3d Cir. 1985); *Maldonado v. Ramirez*, 757 F.2d 48, 50-51 (3d Cir. 1985) (finding statement that another attorney had "continuously represented Plaintiff" in May 1979 conclusory where the affidavit failed to show

personal knowledge of the stated facts of the affiant and where the exhibits demonstrated only that the attorney had represented the plaintiff in June 1978) (citations omitted).

Faced with Questa Verde's supported statements that 76 of 83 owners had fully paid the assessment and only three had paid under protest, Regan offered only a mere, unsupported conclusion that the majority of those who paid had done so under protest. That conclusion was offered without any averment of Regan's personal knowledge of the asserted facts, and without a showing that Regan would be able to testify personally to the fact that the majority of unit owners' payment of the assessment was motivated only by their need to protect their interests and induced through duress. Despite an opportunity for briefing and a hearing on the summary judgment motions, the appellant offered nothing more than his unsupported conclusion. That was insufficient to survive summary judgment. *See Blair v. Scott Specialty Gases*, 283 F.3d 595, 608 (3d Cir. 2002); *Paul v. Electric Ave.*, 2001 U.S. Dist. LEXIS 14261, *5 (D.V.I. App. Div. 2001); *see also, Buie v. Quad/Graphics, Inc.*, 366 F.3d 496, 504 (7th Cir. 2004) (noting that self-serving statements contained in an affidavit will not defeat a motion for summary judgment where such statements are otherwise unsupported in the record).

■ Moreover, even accepting as true Regan's assertion that "a substantial number of the 76 unit owners who have paid the generator assessment did so under duress as a result of letters" threatening legal process, his claim could not survive. As the trial court aptly noted, and as the Restatements dictate, where the bylaws required authorization by a simple majority vote, ratification must necessarily also be shown by the acquiescence or affirmance of a simple majority. *See* RESTATEMENT § 4.01 and comment e. In sum, having put forth evidence of affirmance by 76 of 83 unit owners, Questa Verde met its summary judgment burden. Regan was then required to put forth such evidence pointing to coercion as would permit a reasonable jury to find that a majority of owners did not, in fact, ratify the purchase. This, he failed to do. Accordingly, we will affirm the trial court's grant of summary judgment.